ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

9 2010

CLERK, U.S. DISTRICT COURT
By _____
   Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ZACHERY HALSELL, | § | |
|    Petitioner, | § | |
| | § | |
| VS. | § | Civil Action No. 4:10-CV-195-Y |
| | § | |
| DEE ANDERSON, Sheriff, | § | |
| Tarrant County, Texas, | § | |
|    Respondent. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

*A. Nature of the Case*

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2241.

*B. Parties*

Petitioner Zachery Halsell, Prisoner I.D. No. 00660523, was a pretrial detainee confined in the Tarrant County jail pending criminal charges in state court when this petition was filed. He remains incarcerated in the Tarrant County jail at this time.

Respondent Dee Anderson, is the Sheriff of Tarrant County.

*C. Factual Background*

At the time this petition was filed, petitioner was charged in the 213th District Court of

Tarrant County, Texas, with violating the conditions of his civil commitment as a sexually violent predator under Texas' Civil Commitment of Sexually Violent Predators Act. (Resp't Resp., Ex. F) Telephonic communication with the clerk of the state court confirms that petitioner was convicted of the offense on July 1, 2010, and received a 45-year sentence. Petitioner has filed a notice of appeal in the state court. In this petition, petitioner complains that his right to due process was violated during the biennial review process under the Act and that the state's process for challenging his civil commitment under the Act is ineffective.

D. *Legal Analysis*

A state pretrial detainee is entitled to raise constitutional claims in a federal habeas proceeding under § 2241 under certain circumstances. *See* 28 U.S.C. § 2241(c); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). However, petitioner is no longer a pretrial detainee having been convicted of the charged offense. It is therefore unnecessary to resolve the issues presented. *See Thorne v. Warden, Brooklyn House of Detention for Men*, 479 F.2d 297, 299 (2d Cir. 1973) ("Since [petitioner] is now held as a convicted defendant rather than merely on a criminal charge not yet brought to trial, the issue as to the legality of his continued pretrial detention has been mooted, and it therefore becomes unnecessary to resolve the constitutional issues presented."). *See also Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988) (holding that federal pretrial detainee's habeas corpus application was rendered moot by his conviction).

Furthermore, petitioner has not exhausted his available state remedies.[1] *Dickerson v.*

---

[1] Despite the absence of an exhaustion requirement in the statutory language of § 2241, the courts have developed an exhaustion doctrine, holding that federal courts should abstain from the exercise of jurisdiction until the issues are resolved in state court, either by trial on the merits or by other state procedures available to the petitioner. *See Dickerson*, 816 F.2d at 225; *see also Braden*
(continued...)

2

*Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). State remedies are ordinarily not considered exhausted so long as the petitioner may effectively present his claims to the state courts by any currently available and adequate procedure. *Braden*, 410 U.S. at 489. Typically, in order to exhaust, a petitioner must fairly apprise the highest state court of the federal rights that were allegedly violated. *See Deters v. Collins,* 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). In Texas, this requires that the claims be presented to the Texas Court of Criminal Appeals by way of either a petition for discretionary review[2] or postconviction writ of habeas corpus before a pretrial detainee may seek federal habeas corpus relief. *See Deters*, 985 F.2d at 795; *Procunier*, 762 F.2d at 432; *see also Sones v. Hargett,* 61 F.3d 410, 415 (5th Cir. 1995) (exhaustion of state remedies may be accomplished either directly or collaterally). Because the state court has not been afforded a fair opportunity to consider the merits of petitioner's claims, the claims are unexhausted for purposes of federal habeas review. *See Martinez v. Johnson*, 255 F.3d 229, 238 (5th Cir. 2001). A petitioner may be excused from the exhaustion requirement only if he can show exceptional circumstances of peculiar urgency. *Deters*, 985 F.2d at 795. Absent exceptional circumstances, a pretrial detainee may not adjudicate the merits of his constitutional claims before a judgment of conviction has been entered by a state court. *Braden*, 410 U.S. at 489. "Derailing

---

[1](...continued)
*v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 489-92 (1973); *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir.1976); *Fain v. Duff*, 488 F.2d 218, 223-24 (5th Cir. 1973). The exhaustion doctrine applicable to § 2241 was judicially crafted on federalism grounds to protect the state courts' opportunity to resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process. *See Braden*, 410 U.S. at 490-91; *Dickerson*, 816 F.3d at 225; *Fain*, 488 F.2d at 224.

[2]Either from conviction itself or from the disposition of a preconviction application for writ of habeas corpus. *See generally* TEX CODE CRIM. PROC. ANN. arts. 11.07, 11.09 (Vernon 2005).

of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed. *Id.* at 493.

Absent a showing that state remedies are inadequate, such showing not having been demonstrated, petitioner cannot now proceed in federal court in habeas corpus. *See* 28 U.S.C. §2254; *Fuller v. Florida,* 473 F.2d 1383, 1384 (5th Cir. 1973); *Frazier v. Jones,* 466 F.2d 505, 506 (5th Cir. 1972). Accordingly, dismissal of this federal habeas corpus proceeding as moot or, in the alternative, on exhaustion grounds is warranted.

## II. RECOMMENDATION

Petitioner's petition for writ of habeas corpus should be dismissed as moot or, in the alternative, for failure to exhaust state court remedies.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until July 30, 2010. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved

party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until July 30, 2010, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED July 9th, 2010.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE